**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
docket@phillipsdayeslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Victor Cordero, a single man,<br><br>    Plaintiff,<br><br>vs.<br><br>Countertop Creations, Inc., a Arizona Corporation; Jeffrey and Jane Doe Smith, husband and wife;<br>                Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## **NATURE OF THE CASE**

1.   The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least one year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

6. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

8. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

9. Defendant Countertop Creations, Inc. is incorporated in the State of Arizona with its principle place of business at 170 East Corporate Place, Chandler, Arizona 85255.

10. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Jeffrey Smith was and is the owner of Countertop Creations, Inc..

11. Jane Doe Smith is Jeffrey Smith's wife. Jeffrey and Jane Doe Smith have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

12. Upon information and belief, at all times material hereto, Defendants Jeffrey and Jane Doe Smith were and are residents of Maricopa County, Arizona.

13. At all relevant times, Plaintiff was an "employee" of Countertop Creations, Inc., as defined by 29 U.S.C. §203(e)(1).

14. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Countertop Creations, Inc.

15. At all relevant times, Countertop Creations, Inc. was and continues to be an employer as defined in 29 U.S.C. § 203(d).

16. On information and belief, Defendants Jeffrey and Jane Doe Smith are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Countertop Creations, Inc. for all matters.

17. At all times material to this action, Countertop Creations, Inc. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18. Upon information and belief, at all relevant times, the annual gross revenue of Countertop Creations, Inc. exceeded $500,000.00

## FACTUAL BACKGROUND

19. Plaintiff was hired by Defendants in 2013 as a non-exempt hourly granite installer and repairman.

20. Plaintiff was paid a rate of $16.00 per hour.

21. Plaintiff was a non-exempt employee.

22. Plaintiff was not a manager.

23. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

24. Plaintiff was paid his regular hourly rate for all hours, including those over 40.

25. On some occasions, Plaintiff would be paid on two separate checks. One for 40 hours, and one for hours worked above 40. Both were paid at his regular hourly rate.

26. From his hire date through March 2014, Plaintiff would regularly work 5 (five) to 10 (ten) hours of overtime per week without being compensated at time and one half for those hours.

27. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful as Plaintiff complained about this policy

on multiple occasions without any change in policy.

28. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

29. Defendants failed to keep proper time records in violation of the FLSA.

30. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

31. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

32. While employed by Defendants, Plaintiff consistently and regularly worked overtime.

33. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

34. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

35. Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

36. In addition to the amount of unpaid wages owed to Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA,

were willful.

38. Defendants have not made a good faith effort to comply with the FLSA.

39. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper

## COUNT TWO
## <u>DECLARTORY JUDGMENT</u>

40. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

41. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

42. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

43. Plaintiff may obtain declaratory relief.

44. Defendants employed Plaintiff.

45. Defendants are an enterprise covered by the FLSA.

46. Plaintiff is individually covered by the FLSA.

47. On certain occasions, Plaintiff was not compensated at a rate of at least minimum wage for work performed for Defendants.

48. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

49. Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

50. Plaintiff is entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remains in effect.

51. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

52. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the

FLSA.

53. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

- a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.
- b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.
- c. For Plaintiff's costs incurred in this action.
- d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
- e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: May 9, 2014                    Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

　　/s/ Sean Davis
Sean Davis
seand@phillipsdayeslaw.com

Attorney for Plaintiff