**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Cordero,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Countertop Creations Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-14-00993-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff asks the Court to permit alternate service on Defendants Countertop Creations, Inc., Jeffrey Smith, and the spouse of Jeffrey Smith pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A).  The Court will grant the motion.

　　　　Plaintiff asserts that its attempts to serve Defendant Countertop Creations at its business address have been unsuccessful.  Doc. 6 at 2.  Process servers have been turned away by receptionists at the business complex where Countertop Creations was previously located.  *Id*.  The receptionists have stated that Countertop Creations "went out of business a couple months ago."  *Id*.  Because Defendant Countertop Creations' website and voicemail service are still operational, Plaintiff believes that the company can be contacted at the company's email address, which is published on its website.  *Id*.  Process servers have also advised Plaintiff that Defendant Jeffrey Smith appears to be avoiding service, which poses a significant problem because Mr. Smith is the statutory agent and the only listed officer and director of Defendant Countertop Creations.  *Id*.

　　　　After Plaintiff was unable to serve process on Defendants at Countertop Creations'

business address, Plaintiff performed a "skip trace" to locate Defendant Jeffrey Smith's home address. *Id.* at 3. The "skip trace" revealed a residential address for Mr. Smith with a corresponding address for Defendant Countertop Creations. *Id.* Attempts to serve Defendants at the residential address have been unsuccessful. *Id.* Process servers noted, however, that a pickup truck parked in the driveway at the residential address had "Countertop Creations, Inc." on its side. *Id.* Plaintiff believes that all Defendants could be served at the residential address. *Id.*

In lieu of personal service on Defendants through traditional methods, Plaintiff requests permission to serve the Summons and Complaint by the following methods: (1) email copies of each Summons and Complaint to the email address published on Defendant Countertop Creations' website; (2) mail a copy of each Summons and Complaint to Defendant Countertop Creations' business address, which is also the listed address for Defendant Jeffrey Smith in his capacity as the statutory agent; (3) mail a copy of each Summons and Complaint to the residential address identified by the "skip trace" where the pickup truck was parked.

Rule 4(h)(1)(A) authorizes service of process on a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) authorizes service of process consistent with state law for serving a summons. When traditional methods of serving process are ineffective, Arizona Rule of Civil Procedure 4.1(k) authorizes alternative or substitute forms of service so long as reasonable efforts are taken to assure that actual notice of the commencement of the action is provided.

To pass constitutional muster, a method of service approved by a district court must be "reasonably calculated, under all the circumstances, to apprise interested parties to the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court concludes that Plaintiff's three-pronged method of serving process on Defendants satisfies *Mullane* and is authorized under federal and Arizona rules of civil procedure.

**IT IS ORDERED** that Plaintiff's motion for alternate service (Doc. 6) is **granted**.

1  Service by the methods proposed in the motion shall be completed within 30 days of this
2  order. When providing the summons and complaint by these methods, Plaintiff shall
3  include a copy of this order.
4        Dated this 9th day of July, 2014.

_____
David G. Campbell
United States District Judge